UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| UNITED STATES OF AMERICA<br>        Plaintiff<br>v.<br><br>JOHN PAUL VASQUEZ<br>ESPARZA, a/k/a "Paul<br>Esparza," and "Sweet<br>Pea," et al.,<br>        Defendants. | **FILED EX-PARTE AND UNDER SEAL**<br><br>Criminal No. 05-10191-NG |

## MOTION FOR **EX-PARTE** FINDING AND ENDORSEMENT OF MEMORANDA OF LIS PENDENS

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, moves for a finding that the Forfeiture Allegation contained in the Indictment in the above-captioned action constitutes a claim of right to title to the following real properties or the use and occupation thereof:

(a) The real property and buildings located at 13237 W. Colter Street, Litchfield Park, Arizona, as more fully described in document number 20031510638 recorded in the Office of the County Recorder of Maricopa County, Arizona; and

(b) the real property and buildings located at 7805 W. Catalina Drive, Phoenix, Arizona, also described as Lot 464, Laurelwood Unit Four, a subdivison, recorded in Book 194, Page 49, in the Office of the County Recorder of Maricopa County, Arizona,

(collectively referred to as the "Defendant Properties").

The United States also moves for the endorsement of said finding on memoranda of lis pendens.

As grounds for this motion, the United States submits that the requested findings and endorsement of the memoranda of lis pendens are required under Massachusetts law regulating the recording and registration of memoranda of lis pendens, Mass. Gen. L. ch. 184 § 15. The endorsement will enable the United States to file the Lis Pendens in the appropriate land registration office to give third parties notice of this pending action and of the government's forfeiture claim to and against the Defendant Properties described above. Massachusetts General Laws, Chapter 194, Section 15, also allows for the filing of the instant Motion ex-parte because there is a danger that the defendant, if notified in advance of the endorsement of memoranda of Lis Pendens, will convey, encumber, damage or destroy the properties or the improvements thereon.

Furthermore, Massachusetts General Laws, Chapter 184, Section 15, requires that any notice of lis pendens recorded at the Registry of Deeds bear an endorsement by a justice of the court before which the action is pending, acknowledging that "the subject matter of the action constitutes a claim of a right to title to real properties or the use and occupation thereof or the buildings thereon . . . ." Endorsement of a notice of lis pendens does not constitute a comment on the merits of the underlying case, i.e.,

whether probable cause exists.  See <u>Sutherland v. Aolean Development Corp</u>., 399 Mass. 36, 40, 502 N.E.2d 528, 531 (1987). In <u>Sutherland</u>, the Supreme Judicial Court of Massachusetts held that the only issues involved in the endorsement process are "'what is the subject matter of the action,' and does it consist of a claim of right to title or use and occupation of real properties." <u>Id</u>. at 40.  It is not a finding of probable cause.  A <u>lis pendens</u> does not purport to create a new right, interest or remedy in the litigant filing the memoranda of <u>lis pendens</u>. <u>Debral Realty, Inc. v. DiChiara</u>, 420 N.E.2d 343, 346 (Mass. 1981).  It is merely a mechanism to put potential purchasers on notice of litigation concerning the properties. <u>Id</u>. at 348.

The United States relies upon the Indictment returned on July 27, 2005, against the Defendant, and others.  The Forfeiture Allegation of the Indictment seeks the forfeiture of the Defendant Properties described above, pursuant to 21 U.S.C. §853, as a result of violations of 21 U.S.C. §§846 and 841.  Consequently, this action constitutes a claim of right to title to the Defendant Properties.  In addition, because the Court has sealed the Indictment until the arrests of the Defendants, there is a clear danger that the above-named Defendant, if notified in advance of the endorsement of the memoranda, will convey, encumber, damage or destroy the Defendant Properties or the improvements thereon.

Two proposed memoranda of <u>Lis Pendens</u> are submitted herewith

3

for consideration by the Court.

WHEREFORE, the government requests that this Court approve and endorse the proposed findings on the attached memoranda of lis pendens.

                                    Respectfully submitted,

                                    MICHAEL J. SULLIVAN
                                    United States Attorney

                              By:   _____
                                    JENNIFER H. ZACKS
                                    Assistant U.S. Attorney
                                    U. S. Attorney's Office
                                    United States Courthouse
                                    1 Courthouse Way, Suite 9200
                                    Boston, MA  02210
Date: August 9, 2005                (617) 748-3100