UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES | ) ) ) ) ) ) ) ) ) ) ) | Cr. No. 05-10191-NG |
| v. |  |  |
| ROBERT LEVESQUE |  |  |

**MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS**

According to discovery received by the defense, consisting primarily of DEA-6 reports and grand jury testimony of law enforcement personnel, on January 23rd, 2004 law enforcement personnel were conducting surveillance of defendant William McElroy as part of an on-going marihuana trafficking investigation. At approximately 2:50 pm, law enforcement personnel observed McElroy drive his truck to 205 Pinehurst Avenue in Swansea, Massachusetts, the residence of defendant Robert Levesque. Upon his arrival, he took the bag from the pick up truck, and carried it to the front door of the house and entered the house. A few minutes later, he left the house, and walked back towards his truck. Before he could leave, he was placed under arrest. The law enforcement agents at the scene contacted another law enforcement officer, who informed the agents that 205 Pinehurst was the address of Robert Levesque, and that Mr. Levesque was a customer of Mr. McElroy's. The basis for that statement is absent in the discovery.

A few minutes after Mr. McElroy left 205 Pinehurst, law enforcement personnel attempted to enter the house. Robert Levesque, in response to banging and shouting opened the front door of his home. When Mr. Levesque answered the door, Mr. Levesque saw at least two law enforcement officers, one of whom was pointing a firearm directly at Mr. Levesque. After he opened the door, law enforcement personnel entered his home. Mr. Levesque was told, in essence, that if he did not show them where the bag that had been delivered to his house was, a warrant would be obtained. According to discovery received to date, Mr. Levesque then directed police to a closet where a shopping bag containing a quantity of marihuana was recovered. Police also interrogated Mr. Levesque, without providing him with Miranda warnings, and elicited incriminating statements from him.

A warrantless search violates the Fourth Amendment unless it comes within one of the "few specifically established and well delineated exceptions' to the warrant requirement. United States v. Forbes 181 F.3d 1, 5 (1st Cir. 1999), citing United States v. Schneckloth v Bustamonte, 412 U.S. 218, 219 (1973). A consensual search is one such exception. Forbes at 5. Where the government seeks to introduced evidence seized pursuant to a consent search, the burden is on the government to prove valid consent by a preponderance of the evidence.Id. Whether consent to search was voluntarily given, and hence valid, or was the product of coercion, obvious or subtle, explicit or implicit must be determined by an examination of the totality of circumstances. Schneckloth 418 U.S. 229, United States v. Barnett, 989 F.2d 546, 554-55 (1st Cir. 1993). As Barnett counseled, the court should consider the consenting party's "age, education, experience, intelligence, and knowledge of the right to withhold consent", and "whether the

consenting party was advised of his or her constitutional rights and whether permission to search was obtained by coercive means or under inherently coercive circumstances." Id. at 555.  A statement by law enforcement that a warrant would be obtained absent consent has generally not found to be coercive (in and of itself), so long as probable cause existed to support the issuance of the warrant. See United States v. Ngai Man Lee 317 F3d 26, 33 (1st Cir. 2003)   In contrast, evidence seized following consent to search induced by the false statement that police had a warrant requires suppression, Bumper v. North Carolina, 391 U.S. 543, 548, 88 S. Ct. 1788 (1968), and courts have suggested that inducing consent by claiming that a warrant will be issued where in fact probable cause is lacking is impermissible. See Ngai Man Lee, supra, United States v. Vasquez 638 F.2d 507, 529 (2nd Cir. 1980), United States v. Curiale 414 F.2d 744, 747 (2nd Cir. 1969)

In the present case, Mr. Levesque's consent to search was not voluntary.  He was not informed of his Miranda rights.  He was not told that he could refuse consent, and was told that police would obtain a warrant, despite the fact that probable cause was lacking to support the issuance of a warrant.  The circumstances surrounding the police entry of his home, including what was told to him by police, the presence of weapons, and his own personal characteristics all argue against a finding that any consent to search given was voluntary or more than mere acquiescence to a show of authority, and requires that the fruits of the warrantless search be suppressed.  Mr. Levesque's questioning following the seizure of the marihuana, absent Miranda warnings, requires that any and

all statements be suppressed.

                                                Respectfully Submitted,
                                                Robert Levesque
                                                By his attorney

                                                _/s/ Michael C. Andrews__
                                                Michael C. Andrews
                                                21 Custom House Street
                                                Boston, Massachusetts 02110
                                                (617) 951-0072
                                                BBO# 546470